**Mamiko Vardan GRIGORIAN,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 06–73958.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Asbet A. Issakhanian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Jennifer L. Lightbody, Esq., San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Sarah C. Santiago, U.S. Department of Justice, Antitrust Division, Atlanta, GA, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Mamiko Vardan Grigorian, a native and citizen of Iran, petitions for review of a Board of Immigration Appeals' ("BIA") order that affirmed an Immigration Judge's ("IJ") order denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement, we review the IJ's order as if it were the BIA's. *See Abebe v. Gonzales,* 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc). Reviewing for substantial evidence, *see id.,* we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the discrepancies regarding the timing of the court summons go to heart of Grigorian's asylum claim, *see Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001), and because Grigorian failed to have his brother testify in support of his claim, *see* 8 U.S.C. § 1252(b)(4)(D); *see also Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000). Accordingly, substantial evidence supports the IJ's denial of Grigorian's asylum claim. *See Chebchoub,* 257 F.3d at 1043.

Because Grigorian failed to meet the lower standard of proof required to establish eligibility for asylum, he necessarily failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, because Grigorian's CAT claim is based on the same testimony that the IJ found not credible, and Grigorian points to no other evidence that the IJ could have considered in making its determination un-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der CAT, his CAT claim fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.